UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-------------------------------------------------------------------------------X

VERNON LESHORE,

                Plaintiff,

-against-

COMMISSIONER OF LONG BEACH P.D.,
THOMAS R. SOFIELD, SR., DET. JOHN SHARPE,
SGT. HOWARD DOMITZ, DET. C. WALSH, DET.
JOSE MIGUEZ, SGT. HAYES, NASSAU COUNTY
DISTRICT ATTORNEY KATHLEEN M. RICE,
ASSISTANT DISTRICT ATTORNEY BRIAN J. HARAN,
MITCHELL BARNETT, DET. WALTER MONSTERMAN,
NASSAU COUNTY SHERIFF'S DEPT. CORRECTION
CENTER MEDICAL/NUMC/MAIN CORE/SATELITE [SIC],
DET. G. PICUCCI, P.O. P. BRATHWAITE, NEW YORK STATE
DIVISION OF PAROLE, CHIEF ALAN PRESTON, P.O. KAREN
JONES-MORGAN, NEW YORK STATE DEPARTMENT
OF CORRECTIONAL SERVICES, COMMISSIONER BRIAN
FISCHER, WINTHROP UNIVERSITY HOSPITAL,
S.P.O. G. LEIFER, JUDGE JOHN L KASE, CHIEF JUDGE
WILLIAM C. DONNINO, NASSAU COUNTY COURT,

                Defendants.

-------------------------------------------------------------------------------X

ORDER
10-CV-6067 (SJF)(ARL)

FILED
IN CLERK'S OFFICE
U S DISTRICT COURT E D N Y

★ MAR 2 1 2012 ★

LONG ISLAND OFFICE

FEUERSTEIN, District Judge:

Presently before the Court is the amended complaint of incarcerated pro se plaintiff

Vernon Leshore ("plaintiff"). The amended complaint, brought pursuant to 42 U.S.C. § 1983

("Section 1983"), is accompanied by an application to proceed in forma pauperis and an

application for the appointment of pro bono counsel. Upon review of plaintiff's declaration in

support of his application to proceed in forma pauperis, the Court finds that plaintiff's financial

status qualifies him to commence this action without prepayment of the Court's filing fee. 28

U.S.C. § 1915(a)(1). Accordingly, plaintiff's application to proceed in forma pauperis is granted.

However, for the reasons that follow, the amended complaint is <u>sua</u> <u>sponte</u> dismissed pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b). Plaintiff's application for the appointment of <u>pro</u> <u>bono</u> counsel is denied at this time.

I.    Background

Plaintiff filed his original complaint on December 30, 2010, along with an application to proceed <u>in forma pauperis</u>. By letter dated April 11, 2011, plaintiff inquired with the Court's <u>Pro Se</u> Office as to whether he would be permitted to amend his complaint. By letter dated May 3, 2011, the Court's <u>Pro Se</u> Office provided instructions for filing an amended complaint.

On May 19, 2011, plaintiff filed an amended complaint, and on June 15, 2011, he filed a supplement to his amended complaint. By letter dated July 7, 2011, plaintiff requested guidance from the <u>Pro Se</u> Office concerning a further amendment to his complaint. By letter dated July 19, 2011, the <u>Pro Se</u> Office again provided instructions for filing an amended complaint. On October 17, 2011, the Court issued an order granting plaintiff leave to amend his complaint within thirty (30) days from the entry date of the order, and stating that plaintiff's <u>in forma pauperis</u> application would be held in abeyance until the amended complaint was filed. By undated letter received by the Court on October 24, 2011, plaintiff moved to extend the deadline for filing his amended complaint. Plaintiff's application was granted, and plaintiff's final deadline for filing an amended complaint was set for December 30, 2011.

Plaintiff's amended complaint, signed and dated December 27, 2011, was filed with the Court on January 4, 2012, and names the following defendants: Commissioner of Long Beach

P.D., Thomas R. Sofield, Sr. ("Sofield"); Det. John Sharpe ("Sharpe"); Sgt. Howard Domitz ("Domitz"); Det. C. Walsh ("Walsh"); Det. Jose Miguez ("Miguez"); Sgt. Hayes ("Hayes"); Nassau County District Attorney Kathleen M. Rice ("D.A. Rice"); Assistant District Attorney Brian J. Haran ("A.D.A. Haran"); Mitchell Barnett ("Barnett"); Det. Walter Monsterman ("Monsterman"); "Nassau County Sheriff's Dept. Correction Center Medical/NUMC Main Core/Satelite [sic]" ("Nassau County Sheriff's Department"); Det. G. Picucci ("Picucci"); P.O. P. Brathwaite ("Brathwaite"); New York State Division of Parole, Chief Alan Preston ("Preston"); P.O. Karen Jones-Morgan ("Jones-Morgan"); New York State Department of Correctional Services, Commissioner Brian Fischer ("Fischer"); Winthrop University Hospital ("Winthrop"); S.P.O. G. Leifer ("Leifer"); Judge John L. Kase ("Judge Kase"); and Chief Judge William C. Donnino ("Chief Judge Donnino").

II.     The Amended Complaint

Plaintiff's handwritten amended complaint, submitted on the Court's Section 1983 complaint form, includes a twenty-eight (28) page attachment asserting a myriad of claims arising from his June 30, 2010 arrest and appears to challenge the validity of plaintiff's arrest for an unspecified "incident" that occurred in Long Beach, New York on June 26, 2010, as well as his subsequent guilty plea and sentence.[1] See Amended Complaint ("Am. Compl.") [Docket

_____

[1] Plaintiff has also filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging his criminal conviction. See Leshore v. Nassau County Sheriff's Department, Docket Entry No. 11-CV-2587. On May 6, 2011, plaintiff entered a plea of guilty to one (1) count of attempted assault in the second degree, in violation of Penal Law Sections 110 and 120.05. On June 6, 2011, plaintiff was sentenced, as a persistent felony offender, to two (2) to

Entry No. 24] at 4.

According to the amended complaint, plaintiff was arrested at his girlfriend's apartment. Parole officers Preston and Jones-Morgan entered the apartment along with Long Beach Police Detective Sharpe, two other unidentified Long Beach police officers, and unidentified detectives from the New York City Police Department's 101st Precinct. Plaintiff claims he was arrested without a warrant and the officers entered his girlfriend's apartment without her consent or a search warrant. Id. at 3-4. Plaintiff further claims that "the N.Y.S. division of parole technically lacked jurisdiction over [him] as [he] should of [sic] not being [sic] on parole anymore." Id. at 3.

Plaintiff states that he was subsequently transported to the Long Beach Police Department, where he was handcuffed to a desk, then questioned by Sharpe and another unidentified detective. Id. at 4. Plaintiff alleges that he was then asked a series of questions, including whether he "hit Phil with the bat" and whether he had possessed a firearm. See id. at 5. According to plaintiff, he denied any involvement in the incident about which he was being questioned. Id. Plaintiff claims Sharpe then questioned him about a prior drug conviction and asked whether plaintiff was still selling drugs. Id. Plaintiff alleges that Sharpe continued to question him about various issues, including his family members, his religious beliefs, the fact that plaintiff had been limping. Id. at 5-6. According to plaintiff, he told Sharpe that he has diabetes and a "DVT blood clot" in his right lower leg. Id. at 6. Plaintiff alleges that as soon as the questioning concluded, he was taken to the Long Beach Medical Center emergency room for treatment of his diabetes and the blood clot in his right leg. Id.

---

four (4) years' imprisonment. Affidavit of Joanna Hershey, 11-CV-2587, Docket Entry No. 13 at ¶ 6.

According to plaintiff, he told the treating physician he was taking eighteen (18) milligrams of the blood thinner Coumadin. Id. at 6. After receiving the results of plaintiff's blood test, the treating physician allegedly indicated that plaintiff was not fit for confinement. Id. at 7. Plaintiff was subsequently transferred to the Long Beach Police Station, where he was questioned further. Id. at 7-9.

The next morning he was taken "upstairs to court" where he was assigned a lawyer, defendant Barnett, who represented him at arraignment before Judge Tepper. Id. at 9. Plaintiff claims that Judge Tepper declined to set bail because plaintiff had a prior felony conviction, and that Barnett failed to inform the judge of plaintiff's medical condition. Id. at 9. Plaintiff was sent to the Nassau County Correctional Center. Id.

The amended complaint alleges that plaintiff was "railroaded" during his criminal proceeding and that plaintiff was "forced" to enter a guilty plea. Id. at 10-17. Plaintiff claims that his "D.N.A. has been tampered with . . . and they have [him] locked up under [his cousin's] D.N.A. . . . ." Id. at 9-10. Plaintiff also complains generally about the medical care he received at the Nassau University Medical Center, including "countless injections" he claims were not needed. Plaintiff alleges that his kidneys have been damaged from the excessive dosage of medications he was given. Id. at 17.

Plaintiff seeks to recover an unspecified sum as compensation for "medical expenses and to compensate [him] for all the pain they caused to [him] and [his] body and for the hurt they put on [his] family." Id. at 32. Furthermore, plaintiff claims to have suffered "mental stress . . . for [being] falsely convict[ed] of a crime that [he] did not do." Id.

III.    Discussion

A.    In Forma Pauperis Application

Upon review of plaintiff's declaration in support of his application to proceed in forma pauperis, the Court finds that plaintiff's financial status qualifies him to commence this action without prepayment of the filing fees. See 28 U.S.C. § 1915(a)(1). Therefore, plaintiff's request to proceed in forma pauperis is granted.

B.    The Prison Litigation Reform Act

The Prison Litigation Reform Act, codified at 28 U.S.C. § 1915, requires a district court to dismiss an in forma pauperis complaint if the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2)(B)(i-iii); 28 U.S.C. § 1915A(a) & (b); Abbas v. Dixon, 480 F.3d 636, 639 (2d Cir. 2007). The Court is required to dismiss the action as soon as it makes such a determination. 28 U.S.C. § 1915A(a).

It is axiomatic that pro se complaints are held to less stringent standards than pleadings drafted by attorneys and the Court is required to read the plaintiff's pro se complaint liberally, Erickson v. Pardus, 551 U.S. 89, 94, 127 S. Ct. 2197, 167 L. Ed. 2d 1081 (2007) (citing Estelle v. Gamble, 429 U.S. 97, 106, 97 S. Ct. 285, 50 L. Ed.2d 251 (1976)); Chavis v. Chappius, 618 F.3d 162 (2d Cir. 2010), and to construe them "'to raise the strongest arguments'" suggested. Chavis,

6

618 F.3d at 170 (quoting Harris v. City of N.Y., 607 F.3d 18, 24 (2d Cir. 2010)); Sealed Plaintiff v. Sealed Defendant, 537 F.3d 185, 191 (2d Cir. 2008). Moreover, at the pleadings stage of the proceeding, the Court must assume the truth of "all well-pleaded, nonconclusory factual allegations" in the complaint. Kiobel v. Royal Dutch Petroleum Co., 621 F.3d 111, 124 (2d Cir. 2010) (citing Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 1949-50, 173 L. Ed.2d 868 (2009)); see also Jackson v. Birmingham Board of Education, 544 U.S. 167, 171, 125 S. Ct. 1497, 161 L. Ed.2d 361 (2005).

A complaint must plead sufficient facts "to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974, 167 L. Ed.2d 929 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S. Ct. at 1949 (citations omitted). While "detailed factual allegations" are not required, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Id. (quoting Twombly, 550 U.S. at 555).

C.    Immunity

1.    Eleventh Amendment Immunity

It is well-established that "[t]he Eleventh Amendment bars suits brought by a state's own citizens in federal court." Webb-Payne v. Smith, No. 10-CV-5121(JS)(WDW), 2011 WL 222339, at *2 (E.D.N.Y. Jan. 21, 2011) (citing Woods v. Rondout Valley Central School Dist.

Bd. of Educ., 466 F.3d 232, 236 (2d Cir. 2006) (citing Alden v. Maine, 527 U.S. 706, 712, 119 S. Ct. 2240, 144 L. Ed. 2d 636 (1999)). The Eleventh Amendment gives a state government immunity from suit, not just from liability. Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, 506 U.S. 139, 144, 113 S. Ct. 684, 121 L. Ed. 2d 605 (1993). This immunity also extends to state employees sued in their official capacities for money damages. Kentucky v. Graham, 473 U.S. 159, 165-67 and n. 14, 105 S. Ct. 3099, 3104-3106 and n. 14, 87 L. Ed.2d 114 (1985); Darcy v. Lippman, 356 Fed. App'x 434, 437 (2d Cir. 2009) ("Eleventh Amendment likewise bars [plaintiff] from pursuing a claim for damages against the individual defendants in their official capacities.").

Here, plaintiff names the New York State Division of Parole, Parole Officers Preston, Jones-Morgan, and Brathwaite, as well as Commissioner Fischer of the New York State Department of Correctional Services, D.A. Rice, A.D.A. Haran, Judge Kase, and Chief Judge Donnino as defendants. Plaintiff seeks to be "compensated" by these defendants for acts in their official capacities, which is barred by the Eleventh Amendment to the Constitution. Idaho v. Coeur d'Alene Tribe of Idaho, 521 U.S. 261, 268, 117 S. Ct. 2028, 138 L. Ed.2d 438 (1997); Barlow v. Fischer, No. 10-CV-0535 (GLS/GHL), 2011 WL 673784, *1 (N.D.N.Y. Feb. 17, 2011) (dismissing official capacity claims against Fischer as Commissioner of the New York State Department of Correctional Services and Alexander as Chairman of the DOCS Division of Parole because they were barred by the Eleventh Amendment); see also White v. Vance, No. 10-CV-6142 (NRB), 2011 WL 2565476, at *2 (S.D.N.Y. June 21, 2011) (New York State Division of Parole Executive Department and the New York State Department of Correctional Services are state agencies and thus are immune from suit under the Eleventh Amendment); McNamara

v. Kaye, No. 06-CV-5169 (DLI)(CLP), 2008 WL 3836024, at *8 (E.D.N.Y. Aug. 13, 2008) ("[L]awsuits against state officers acting [in] their official capacity and lawsuits against state courts considered to be lawsuits against the state."); Reid v. Schuman, 83 Fed. App'x 376, 377 (2d Cir. 2003) ("We have held that when a District Attorney is prosecuting a criminal matter, she represents the State, not the municipality.") (citations omitted). Accordingly, plaintiff's claims against the New York State Division of Parole, Parole Officers Preston, Jones-Morgan, and Brathwaite, Commissioner Fischer, D.A. Rice, A.D.A. Haran, Judge Kase, and Chief Judge Donnino[2] are dismissed with prejudice pursuant to 28 U.S.C. § 1915A (b).[3]

### 2.    Prosecutorial Immunity

Plaintiff's claims against D.A. Rice and A.D.A. Haran are also barred by prosecutorial immunity. "'It is by now well established that a state prosecuting attorney who acted within the scope of his duties in initiating and pursuing a criminal prosecution is immune from a civil suit for damages under § 1983.'" Crews v. County of Nassau, No. 06-CV-2610 (JFB)(WDW), 2007

---

[2] As plaintiff also names the "Nassau County Court," it is unclear whether plaintiff intends to sue the Nassau County Court as well or if he merely seeks identify where the named judges sit. Regardless of his intent, as a part of the New York State Unified Court System, Eleventh Amendment immunity would also bar any claims against the Nassau County Court. McCluskey v. New York State Unified Court System, 442 Fed. App'x 586, 588 (2d Cir. 2011) ("[T]he claims against the Unified Court System are barred by the Eleventh Amendment since it is an arm of the State of New York.").

[3] Plaintiff's Section 1983 claims against the defendants in their official capacities must also be dismissed because "[n]either a state nor one of its agencies nor an official of that agency sued in his or her official capacity is a 'person' under § 1983." Spencer v. Doe, 139 F.3d 107, 111 (2d Cir. 1998); see also Will v. Mich. Dep't of State Police, 491 U.S. 58, 71, 109 S. Ct. 2304, 105 L. Ed.2d 45 (1989).

WL 4591325, at *13 (E.D.N.Y. Dec. 27, 2007) (quoting Shmueli v. City of N. Y., 424 F.3d 231, 236 (2d Cir. 2005)). "Prosecutorial immunity from §1983 liability is broadly defined, covering 'virtually all acts, regardless of motivation, associated with [the prosecutor's] function as an advocate.'" Hill v. City of N.Y., 45 F.3d 653, 661 (2d Cir. 1995) (quoting Dory v. Ryan, 25 F.3d 81, 83 (2d Cir. 1994)). For example, in Hill, the Second Circuit held that an Assistant District Attorney's alleged acts of, inter alia, "conspiring to present falsified evidence to, and to withhold exculpatory evidence from, a grand jury" were "clearly protected by the doctrine of absolute immunity as all are part of his function as an advocate." Id. at 661.

Although plaintiff names D.A. Rice and A.D.A. Haran as defendants, their conduct, as alleged by the plaintiff, falls squarely within the scope of prosecutorial immunity defined by the Second Circuit. Accordingly, plaintiff's claims against D.A. Rice and A.D.A Haran are dismissed with prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(iii), 1915A(b)(2).

### 3.     Judicial Immunity

Plaintiff's claims against Chief Judge Donnino and Judge Kase are barred by absolute judicial immunity. Rios v. Third Precinct Bay Shore, No. 08-CV-4641 (JFB)(ETB), 2009 WL 2601303, at *3 (E.D.N.Y. Aug. 20, 2009) ("[j]udges have traditionally enjoyed absolute immunity for damages arising out of judicial acts performed in their judicial capabilities") (citing Mireles v. Waco, 502 U.S. 9, 11-12, 112 S. Ct. 286, 116 L.Ed 2d 9 (1991)). Even liberally construed, plaintiff alleges no acts performed by Chief Judge Donnino or Judge Kase that fall outside the scope of absolute judicial immunity. Therefore, plaintiff's claims against these

defendants are dismissed with prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(iii),
1915A(b)(2).

    D.    Section 1983

Reading plaintiff's pro se amended complaint liberally, as the Court must, the Court finds

that plaintiff has not alleged a plausible Section 1983 claim against any of the remaining

defendants.

Section 1983 provides that

> [e]very person who, under color of any statute, ordinance,
> regulation, custom, or usage, of any State . . . subjects, or causes to
> be subjected, any citizen of the United States . . . to the deprivation
> of any rights, privileges, or immunities secured by the Constitution
> and laws, shall be liable to the party injured . . . .

42 U.S.C. § 1983. To state a claim under Section 1983, a plaintiff must "allege that (1) the

challenged conduct was attributable at least in part to a person acting under color of state law and

(2) the conduct deprived the plaintiff of a right guaranteed under the Constitution of the United

States." Rae v. County of Suffolk, 693 F. Supp.2d 217, 223 (E.D.N.Y. 2010) (quoting Snider v.

Dylag, 188 F.3d 51, 53 (2d Cir. 1999)). "Section 1983 itself creates no substantive rights; it

provides only a procedure for redress for the deprivation of rights established elsewhere."

Thomas v. Roach, 165 F.3d 137, 142 (2d Cir. 1999).

11

1.  Personal Involvement

"It is well settled in this Circuit that personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983." Farid v. Ellen, 593 F.3d 233, 249 (2d Cir. 2010) (quoting Farrell v. Burke, 449 F.3d 470, 484 (2d Cir. 2006)). As the Supreme Court stated in Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 1948, 173 L. Ed. 2d 868 (2009), "[b]ecause vicarious liability is inapplicable to . . . [section] 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." Id. Thus, a plaintiff asserting a Section 1983 claim against a supervisory official in his individual capacity must allege personal involvement in the claimed constitutional deprivation. Rivera v. Fischer, 655 F. Supp. 2d 235, 237 (W.D.N.Y. 2009). "An individual cannot be held liable for damages under Section 1983 'merely because he held a high position of authority'. . . ." Back v. Hastings on Hudson Union Free School Dist., 365 F.3d 107, 127 (2d Cir. 2004) (quoting Black v. Coughlin, 76 F.3d 72, 74 (2d Cir. 1996)).

"Personal involvement" may be established by evidence of direct participation by a supervisor in the challenged conduct, or by evidence of a supervisory official's "(1) failure to take corrective action after learning of a subordinate's unlawful conduct, (2) creation of a policy or custom fostering the unlawful conduct, (3) gross negligence in supervising subordinates who commit unlawful acts, or (4) deliberate indifference to the rights of others by failing to act on information regarding the unlawful conduct of subordinates." Hayut v. State Univ. of New York, 352 F.3d 733, 753 (2d Cir. 2003). A complaint based upon a violation under Section 1983 that

12

does not allege the personal involvement of a defendant fails as a matter of law. See Johnson v. Barney, 360 Fed. App'x 199, 201 (2d Cir. Jan. 12, 2010).

Here, although plaintiff names the Commissioner of the Long Beach Police Department, Thomas R. Sofield, Sr., as a defendant, the amended complaint is wholly devoid of any allegations of personal involvement by him in the alleged conduct underlying plaintiff's Section 1983 claim. Thus, it appears that plaintiff seeks to hold Sofield liable based only upon the supervisory position that he holds. Accordingly, plaintiff's Section 1983 claim against defendant Sofield is dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(iii), 1915A(b)(2).

Similarly, though plaintiff names defendants Monsterman, Picucci and Leifer in the caption of his amended complaint, these individuals are not mentioned elsewhere in the amended complaint. In the absence of any allegations against these defendants, the Court cannot reasonably construe plaintiff's amended complaint to allege the personal involvement of any of these defendants in any allegedly unconstitutional conduct. Given the absence of any factual allegations concerning these defendants, plaintiff's claims against defendants Monsterman, Picucci, and Leifer are dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(iii), 1915A(b)(2).

2.      Claims Against An Entity Immune from Suit

"[U]nder New York law, departments that are merely administrative arms of a municipality do not have a legal identity separate and apart from the municipality and therefore, cannot sue or be sued." See Davis v. Lynbrook Police Dep't, 224 F. Supp.2d 463, 477 (E.D.N.Y. 2002) (dismissing claim against Lynbrook Police Department); see also Melendez v. Nassau

13

County, No. 10-CV-2516 (SJF)(WDW), 2010 WL 3748743, at *5 (E.D.N.Y. Sept. 17, 2010) (dismissing claims against Nassau County Sheriff's Department because it lacks the capacity to be sued); Conte v. County of Nassau, No. 06-CV-4746 (JFB)(ETB), 2008 WL 905879, at *1 n. 2 (E.D.N.Y. Mar. 31, 2008) (dismissing §1983 claims against Nassau County District Attorney's Office because it is an administrative arm of the municipality and thus lacked the capacity to be sued).

Insofar as plaintiff seeks to assert Section 1983 claims against the "Nassau County Sheriff's Department Correction Center," this entity appears to be merely an administrative arm of the municipality, namely Nassau County, and therefore lacks the capacity to be sued. Accordingly, plaintiff's claims against the Nassau County Sheriff's Department Correction Center are not plausible and are sua sponte dismissed with prejudice pursuant 28 U.S.C. §§ 1915(e)(2)(B)(iii), 1915A(b)(2).

### 3. Municipal Liability

Liberally construing the amended complaint, the Court next considers whether plaintiff has asserted a plausible Section 1983 claim against Nassau County or "NUMC."[4] For the reasons that follow, the Court finds that he has not. A plausible Section 1983 claim against a municipality, including a public benefit corporation such as NHCC,[5] requires that the plaintiff

---

[4] Although the plaintiff names "NUMC" as a defendant, the Court construes this entity to be the Nassau Health Care Corporation ("NHCC"), of which NUMC is a part.

[5] Public benefit corporations, such as the NHCC, are municipal entities for the purpose of Section 1983. See, e.g., McIntyre v. NuHealth-Nassau University Medical Center, No. 11-CV-

14

allege an "injury to a constitutionally protected right . . . that . . . was caused by a policy or custom of the [municipality or municipal entity] responsible for establishing final policy." Hartline v. Gallo, 546 F.3d 95, 103 (2d Cir. 2008) (internal quotations and citation omitted); see also Monell v. Department of Social Servs. of City of N.Y., 436 U.S. 658, 690-1, 98 S. Ct. 2018, 56 L. Ed.2d 611 (1978); Roe v. City of Waterbury, 542 F.3d 31, 36 (2d Cir. 2008); McIntyre v. Armour Correctional Health, Inc., No. 11-CV-6388(SJF)(GRB), 2012 WL 601433, *4 (E.D.N.Y. Feb. 16, 2012) (Section 1983 suits against municipalities, including public benefit corporations, require a showing that a municipal policy or custom caused the deprivation of plaintiff's constitutional rights) (citations omitted); see also Sewell v. N.Y. City Transit Auth., Nos. CV-90-3734, CV-91-1274, 1992 WL 202418, at * 2 (E.D.N.Y. Feb. 10, 1992) ("The 'policy or custom' requirement of Monell applies to public corporations as well as to municipalities. . . . Hence, in order to maintain a cause of action under Section 1983 against [a public benefit corporation], the plaintiff must plead that an impermissible 'policy or custom' of that public benefit corporation denied him his federal rights."); see also Dangler v. N.Y. City Off Track Betting Corporation, 193 F.3d 130, 142–43 (2d Cir. 1999) (applying Monell to claims against the OTB, a public benefit corporation).

The amended complaint does not allege: (1) the existence of a formal policy that is officially endorsed by Nassau County and/or NHCC; (2) actions taken or decisions made by

---

3934(SJF)(AKT), 2011 WL 4434227, at *4 (E.D.N.Y. Sept. 19, 2011) (citing McGrath v. Nassau Health Care Corp., 217 F. Supp.2d 319, 330 (E.D.N.Y.2002) ("Public benefit corporations are governmental entities for Section 1983's purposes.")); see also Estes–El v. N. Y. State Dep't of Motor Vehicles Office of Administrative Adjudication Traffic Violation Bureau, No. 95 Civ. 3454, 1997 WL 342481, at * 4 (S.D.N.Y. June 23, 1997) (holding that the liability of a public benefit corporation under Section 1983 "is governed by the principles set forth in Monell . . . and its progeny.").

County and/or NHCC officials with final decision-making authority that caused the alleged violations of plaintiff's civil rights; (3) a County or NHCC practice so persistent and widespread that it constitutes a custom of which constructive knowledge and acquiescence can be implied on the part of policymaking officials of those entities; or (4) a failure by County and/or NHCC policymakers to properly train or supervise their subordinates, amounting to "deliberate indifference" to the rights of those who come in contact with its employees. Accordingly, any potential Section 1983 claims against Nassau County and/or NHCC are dismissed.

4.      Claims Against Non-State Actors

The Supreme Court has long held that "[t]he Constitution's protections of individual liberty and equal protection apply in general only to action by the government." Edmonson v. Leesville Constr. Co., Inc., 500 U.S. 614, 619, 111 S. Ct. 2077, 114 L. Ed.2d 660 (1991) (citations omitted); see also Daniel v. Safir, 135 F. Supp.2d 367, 373 (E.D.N.Y. 2001) ("It is fundamental that state action is a required element of a claim for a constitutional violation"). "It is well-established that court appointed attorneys performing a lawyer's traditional functions as counsel to defendant do NOT act 'under color of state law' and therefore are not subject to suit under 42 U.S.C. § 1983." Lewis v. City of New York, No. 07 Civ. 7258 (CM), 2009 WL 2059912, at *1 (S.D.N.Y. July 10, 2009) (emphasis in original) (citing Rodriguez v. Weprin, 116 F.3d 62, 66 (2d Cir. 1997); Housand v. Heiman, 94 F.2d 923, 924-25 (2d Cir. 1979) (per curiam); accord Polk County v. Dodson, 454 U.S. 312, 325, 102 S. Ct. 445, 453, 70 L. Ed.2d 509 (1981)).

Plaintiff purports to bring Section 1983 claims against Mitchell Barnett. As a private

16

party, defendant Mitchell Barnett, who is alleged to be plaintiff's court-assigned counsel, cannot be liable under Section 1983 as a matter of law and, thus, plaintiff's Section 1983 claims against Barnett are dismissed. Similarly, though plaintiff names Winthrop University Hospital as a defendant, this is a private entity and does not act under color of state law. Accordingly, plaintiff's Section 1983 claims against Winthrop University Hospital and Mitchell Barnett are dismissed with prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(iii), 1915A(b)(2).

      E.     Habeas Corpus

A prisoner seeking to challenge the legality of his conviction may apply to a federal district court for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. "[B]efore a federal court can consider a habeas application brought by a state prisoner, the habeas applicant must exhaust all of his state remedies." Carvajal v. Artus, 633 F.3d 95, 104 (2d Cir. 2011).

Here, the gravamen of the plaintiff's amended complaint is that his arrest was unlawful, that he was denied effective assistance of counsel, that the testimony proffered by several defendants during the underlying criminal proceeding was untruthful, and that he was "railroaded" into accepting a guilty plea. The proper mechanism for challenging plaintiff's conviction is pursuant to 28 U.S.C. § 2254. Plaintiff, however, has already filed a petition pursuant to Section 2254 challenging the conviction underlying this action, which is sub judice. See Leshore v. Nassau County Sheriff's Department, Docket No. 11-CV-2587. Accordingly, the portions of plaintiff's amended complaint concerning his alleged illegal detention are dismissed without prejudice to consideration insofar as these issues are properly raised in plaintiff's

17

pending habeas petition.

F.    Federal Rule of Civil Procedure 8

Federal Rule of Civil Procedure 8 requires that pleadings present a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); see also Swierkiewicz v. Sorema, N.A., 534 U.S. 506, 512, 122 S. Ct. 992, 152 L. Ed.2d 1 (2002). Pleadings must give "fair notice of what the plaintiff's claim is and the grounds upon which it rests" to allow the opposing party to identify the alleged wrongful conduct and prepare a case. Dura Pharms., Inc. v. Broudo, 544 U.S. 336, 346, 125 S. Ct. 1627, 161 L. Ed.2d 577 (2005) (quoting Conley v. Gibson, 335 U.S. 41, 47 (1957), overruled in part on other grounds by Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1995, 167 L. Ed.2d 929 (2007)).

A district court may sua sponte dismiss a complaint that fails to comply with Rule 8. Simmons v. Abruzzo, 49 F.3d 83, 86 (2d Cir. 1995). However, "[d]ismissal . . . is usually reserved for those cases in which the complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised." Salahuddin v. Cuomo, 861 F.2d 40, 42 (2d Cir. 1988).

The Court cannot identify any alleged unconstitutional conduct by the remaining defendants, namely Sharpe, Domitz, Miguez, Walsh and Hayes. Accordingly, plaintiff's Section 1983 claims against defendants Sharpe, Domitz, Miguez, Walsh and Hayes are dismissed.

G.    Application for Appointment of Counsel

28 U.S.C. § 1915(e)(1) provides that a "court may request an attorney to represent any person unable to afford counsel." Courts possess substantial discretion to determine whether appointment of counsel for civil litigants is appropriate, Ferrelli v. River Manor Health Care Center, 323 F.3d 196, 203 (2d Cir. 2003), "subject to the requirement that [they] be 'guided by sound legal principle.'" Cooper v. A. Sargenti Co., Inc., 877 F.2d 170, 171-72 (2d Cir. 1989) (quoting Jenkins v. Chemical Bank, 721 F.2d 876, 879 (2d Cir. 1983)).

When deciding whether to appoint counsel to an indigent civil litigant under § 1915(e)(1), the threshold inquiry is whether there is "some likelihood of merit" to the litigant's position. Johnston v. Maha, 606 F.3d 39, 41 (2d Cir. 2010); see also Carmona v. United States Bureau of Prisons, 243 F.3d 629, 632 (2d Cir. 2001) ("counsel should not be appointed in a case where the merits of the indigent's claim are thin and his chance of prevailing are therefore poor"); Hodge v. Police Officers, 802 F.2d 58, 61 (2d Cir. 1986) (stating that "the district judge should first determine whether that indigent's position seems likely to be of substance").

If the threshold showing has been met, the court should next consider the following factors:

> [T]he indigent's ability to investigate the crucial facts, whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder, the indigent's ability to present the case, the complexity of the legal issues and any special reason in that case why appointment of counsel would be more likely to lead to a just determination.

Hodge, 802 F.2d at 61-62; see also Johnston, 606 F.3d at 42 (applying the Hodge factors); Carmona, 243 F.3d at 632 (holding that "[o]nly after an initial finding that a claim is likely one of

substance, will we consider secondary factors such as the factual and legal complexity of the case, the ability of the litigant to navigate the legal minefield unassisted, and any other reason why in the particular case appointment of counsel would more probably lead to a just resolution of the dispute"). However, those factors are not exclusive and "[e]ach case must be decided on its own facts." Hodge, 802 F.2d at 61.

Upon review of plaintiff's application and amended complaint, the appointment of pro bono counsel is not warranted at this stage of the litigation. For the reasons set forth above, there is not a high likelihood of merit to plaintiff's claims, the legal issues presented in this case are not particularly complex, plaintiff appears capable of preparing and presenting his case, and there is no special reason to appoint counsel at this time. Accordingly, plaintiff's application for the appointment of pro bono counsel is denied without prejudice and may be renewed when this case is trial ready, if warranted. In the interim, plaintiff may either retain counsel or proceed pro se.

IV.     Conclusion

For the reasons set forth above, plaintiff's application to proceed in forma pauperis is granted, but the amended complaint is sua sponte dismissed with prejudice as against defendants D.A. Rice, A.D.A. Haran, Barnett, Nassau County Sheriff's Department, Preston, Jones-Morgan, Brathwaite, Fischer, Winthrop, Judge Kase, and Chief Judge Donnino.

Plaintiff's remaining claims are dismissed without prejudice. Plaintiff may file an amended complaint within thirty (30) days against Nassau County, NHCC, Sharpe, Domitz, Miguez, Walsh, Hayes, Sofield, Monsterman, Leifer, and Picucci. Any amended complaint must

be labeled "Second Amended Complaint" and bear docket number 10-6067(SJF)(ARL). If plaintiff fails to file a second amended complaint within the time allowed, the present amended complaint shall be dismissed and judgment shall be entered. If plaintiff files a second amended complaint, it shall be reviewed pursuant to 28 U.S.C. § 1915A(b).

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore in forma pauperis status is denied for the purpose of any appeal. See Coppedge v. United States, 369 U.S. 438, 444-45, 82 S. Ct. 917, 8 L. Ed. 2d 21 (1962).

**SO ORDERED.**

s/ Sandra J. Feuerstein

Sandra J. Feuerstein
United States District Judge

Dated:        March 21, 2012
              Central Islip, New York